## Bond, Appellant, *v.* Cole.

*Evidence—Letter—Comment on letter—Trial.*

1. A trial judge cannot be convicted of error in refusing counsel permission to comment on a letter, where it appears that the existence of the letter was developed on cross-examination, that counsel had the letter in his own possession at the trial, and could have offered it in evidence if he so desired.

*Judgment—Opening judgment—Issue to determine validity of judgment—Promissory note—Alteration.*

2. On an issue to determine the validity of a judgment entered on a judgment note, it was admitted that the consideration of the note was in part payment for a horse that was bought for stock purposes. The defendant testified that there had been a guarantee in writing that the horse was sound for stock purposes but that this writing had been destroyed in a fire at his father's store. There had been written into the note the following words: "As part payment on a horse that was not guaranteed." It was testified by both makers that these words had been written into the note after execution and delivery. The note was dated twelve years prior to the entry of judgment on it. *Held,* that the case was for the jury and that a verdict and judgment for plaintiff should be sustained.

Argued Oct. 27, 1911. Appeal, No. 188, Oct. T., 1911, by plaintiff, from judgment of C. P. Clearfield Co., Dec. Term, 1909, No. 336, on verdict for plaintiff in case of J. L. Bond *v.* C. W. Cole and W. W. Cole. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Issue to determine the validity of a judgment entered on a judgment note. Before A. O. SMITH, P. J.

At the trial the following offer was made:

Mr. Pentz: Counsel for plaintiff at this time in arguing question to the jury proposes to argue on the testimony of George A. Lukehart who was a witness for plaintiff, and on cross-examination he was asked if he had any letters and stated that he had had a letter. "Q. You say you got both those notes at the same time? A. Yes, Jim brought

them in and a letter, too. Q. Did he want you to collect them both? A. No, sir."

The Court: "You say he brought them in and a letter too? A. Yes, a letter with them."

Mr. Cole: "Q. A letter from who? A. A letter from C. M. Cole. Q. Where is that letter? A. I don't know. Q. What did that letter have in it? A. It stated he was pleased with the horse. Q. What was the date of it? A. I don't remember that. It was along about the time these notes were made. Q. The time which note was made? A. Well, there isn't very much difference between the dates of these notes. It was along about that time. Q. The time of the first note or second note? A. I think it was between when the first note was made and second one probably. Q. What do you say became of that letter? A. What do I say became of it? Q. Yes, where is it? A. I think I turned that letter over to Pentz with the notes. I think I turned it over to him with the notes." After the reading of the testimony of George A. Lukehart on cross-examination with reference to a letter, the plaintiff's counsel proposes to argue that fact to the jury, stating what the witness said the letter showed in his argument before the jury in arguing the facts.

The Court: The letter being brought out as a voluntary statement by witness, and the cross-examination of counsel for defendant being simply to show where the letter was, we do not think the contents can be argued to the jury by the counsel and so rule. Exception noted for plaintiff. [2]

The court charged in part as follows:

[That this guarantee has failed and that the horse which he bought and for which this note was given as part payment, was worthless for a stock horse or for any other purposes, and that the consideration therefore failed. This would be a good defense to this note if true, and it is for the jury to ascertain the facts. On the part of the defendant it is alleged that on or about March 3, 1897, C. M. Cole, one of the defendants, went to William C. Bond, who was

a dealer in horses at Brockwayville, and looked at this horse, which was in a dark stable, and that he entered into a contract there to purchase this horse and was given a written guarantee that he was a good stock horse.] [3]

[There is another defense in this case which is offered and which will be for your consideration. As you will notice, there is written in this note, following the number of dollars, "as part payment on a horse that is not guaranteed," and it is alleged on part of both of these defendants that when this note was signed by them on March 31, 1897, it did not have those words on it, that they signed it without those words. The law is that if a note is changed, doctored or interfered with in a material matter, that defeats the right of recovery for any part of that note, and if this note was changed and the words inserted, "as part payment for a horse that is not guaranteed," as alleged by these two defendants, I say to you that the plaintiff cannot recover anything in this case. That, as you can see, is a material part of this note. It would have a tendency to prove that there was no guarantee and hence is material to the note in every way and if you find from the weight of testimony in this case that is true, that this note is not as it was originally given, has been tampered with and altered to the extent alleged, then this plaintiff cannot recover in any amount in this case.] [4]

Verdict and judgment for defendants. Plaintiff appealed.

*Errors assigned* were (2) refusal to permit counsel to argue as to the letter above; (3, 4) portions of charge as above, quoting them.

*W. C. Pentz*, with him *W. L. Calkins*, for appellant.

*J. Singleton Bell*, with him *A. L. Cole* and *L. E. Boyer*, for appellees.

OPINION BY ORLADY, J., March 1, 1912:

The plaintiff entered judgment on a note dated twelve years prior thereto, and issued an execution thereon, when

W. W. Cole, one of the defendants, promptly presented his petition to the court below and obtained a rule to show cause why the judgment should not be opened.

After a full hearing on petition, answer and proof, the judgment was opened. No exception was taken to this action of the court and the case was tried before a jury, the defense urged to it being that there had been a material alteration made in the body of the note after it was signed and delivered. The consideration of the note was in part payment for a horse that was bought for stock purposes, and which was guaranteed by a writing of the owner "to be a sound horse for stock purposes." This written guarantee was not produced, but the defendant explained its loss in having been destroyed in a fire of his father's store, where all of his papers had been kept, and the failure to produce it and the attendant explanation were submitted to the jury, This guarantee totally failed, as the horse was thoroughly worthless for all purposes; the alleged alterations were in the following words written into the body of the note, "as part payment on a horse that was not guaranteed." This declaration was in direct conflict with the testimony of the makers as well as the admitted purpose for which the horse was bought.

During the argument to the jury the counsel of plaintiff was not permitted to comment on a part of the testimony of one of plaintiff's witnesses in relation to a letter which had been given to the witness by the plaintiff and alleged to have been written by one of the defendants. The existence of the letter was developed on cross-examination of the witness for the purposes of showing where it was at the time of the trial. It was not offered in evidence and its contents were not shown; it further appeared that it had been delivered to the counsel of the plaintiff. If he wanted to use it for any purpose he could have had it properly presented in evidence, when it would have been a subject for comment by either side, and the court rightly restricted the argument to the facts in proof before the jury.

The third assignment of error is not considered for the reason that it does not represent the whole of the court's expression on the subject. It stops at a semicolon, and when read with the balance of the sentence is free from error.

The fourth assignment is open to the same objection, and the quotation in the argument of appellant of a part of sec. 124, of the negotiable instruments act of May 16, 1901, P. L. 194, while purporting to be complete, is but one of several sections relating to the same subject, and sec. 125, provides that any change or addition which alters the effect of the instrument in any respect, is along with several other suggested matters, a material alteration.

If the words complained of in this case were placed on the note after execution and delivery, it is manifest that they contradicted the alleged guarantee and if found to be so, they entirely destroyed the consideration of the note. The verdict did not depend upon the testimony of one witness, but of both makers of the note, the interlineation of material words, as well as the unusual length of time the plaintiff held it without demand for payment. Each one of the defenses was vital to the plaintiff's case, and the disputed facts were fully and clearly submitted to the jury in a fair and adequate charge.

The judgment is affirmed.